HENRY A. BREED *vs.* JOSEPH LYMAN.

By the true construction of *St.* 1855, *c.* 363, an inhabitant of this commonwealth may take the benefit of the insolvent laws and obtain a discharge, as in other cases; if he owes some debts which were contracted since he became an inhabitant of this commonwealth.

CONTRACT upon two promissory notes, the defence to which was a discharge in insolvency. The facts, which were agreed in this court, are sufficiently stated in the opinion.

*G. H. Preston,* for the plaintiff.

*F. C. Loring*, for the defendant.

HOAR, J. The only point to be decided in this case arises upon the construction of the *St.* of 1855, *c.* 363, which is as fol- lows : " No person shall hereafter take the benefit of any of the laws of this commonwealth, in relation to insolvent debtors and the more equal distribution of their effects, who was not, at the time the debts from which he seeks to be discharged were con- tracted, an inhabitant of this commonwealth, and who is not also, at the time of instituting proceedings for the purpose of taking the benefit of said acts, an inhabitant of this common- wealth."

When the notes declared on were made, the defendant was a citizen of Georgia ; and it is claimed by the plaintiff, although not apparently material, that he also was then a citizen of that state. At the time when the proceedings in insolvency were in- stituted, both parties were citizens of this commonwealth.

The statute is capable of three constructions without doing violence to its language : 1. That the statutes relating to insol- vency shall have no application to any person who owes any debts which were contracted when he was not an inhabitant of Massachusetts ; 2. That he shall not be discharged from any such debts, although in all other respects subject to the opera- tion of the statutes ; or 3. That proceedings in insolvency shall not be commenced by or against him, unless he owes some debts which were contracted since he has been an inhabitant of this commonwealth. The last we think the more reason- able.

The first construction could not reasonably be supposed to have been intended by the legislature, and has not been pressed in argument. There is no apparent reason why a citizen of this commonwealth, owing debts contracted here which he is unable to pay in full, and having property which should be divided pro- portionately among his creditors, should not be allowed to avail nimself of the provisions of the insolvent laws, because at some time he may have contracted debts when he was a citizen of some other state. Much less is there any reason why all his creditors should on such account be deprived of so just a mode

of distribution, and left to the unequal operation of the laws of attachment.

The second construction is more likely to have been intended; and, if it were distinctly found in the statute, would not be so plainly at variance with the whole policy of the insolvent laws. But on a careful examination, we cannot think such a meaning would have been expressed in such language. Such is certainly not its literal import. The statute does not, in terms, make any change in the form of the insolvent debtor's discharge, or in the statement of the debts against which the discharge shall avail him. The phrase " to take the benefit of the insolvent laws" is the phrase used in the first section of the statute of 1838, and used to characterize the whole proceedings founded upon the petition of the insolvent debtor. Persons may take the benefit of these laws, by the surrender of their property for distribution among their creditors, who do not thereby obtain a discharge from any of their debts. If the legislature had intended that debts contracted when the debtor was not an inhabitant of this commonwealth should not be discharged, it would have been easy to say so in clear and unmistakable language. But the purpose of the act seems to have been different. The object was to prevent persons coming into this state, with debts contracted elsewhere, for the sake of getting discharged from them under our laws. They are not to take the benefit of the laws relating to insolvency, if they are not inhabitants of the State when they apply for it, or if their debts were contracted under another jurisdiction. The restriction is the same in regard to both cases. If the debtor is not an inhabitant of this commonwealth at the time of instituting proceedings for the purpose of taking the benefit of the laws relating to insolvency, the proceedings are not to be instituted. The court of insolvency is not to act upon his petition. And the provision is the same if his debts were not contracted while he was an inhabitant of the Commonwealth. That is to say, if all his debts were not; unless he owes some debts, from which he seeks a discharge, which were contracted while he was such inhabitant, he is not, by becoming a resident here, to take advantage of our insolvent laws

In adopting this last construction, we take that which was understood by the commissioners to revise the statutes, and which is now clearly incorporated into the General Statutes. Gen. Sts. *c.* 118, §§ 17, 75, 76.

In *Dayton* v. *Crane*, 9 Gray, 250, the defendant owed no debts contracted while he was a resident in this commonwealth; and the point which is now before us for decision was expressly reserved by the court. In the case at bar, the defendant owed debts contracted while a resident of Massachusetts, when he filed his petition in insolvency.

*Judgment for the defendant*